CITY OF ROCKFORD
v.
MARY FALVER.

*Municipal Corporations—Personal Injury—Dangerous Sidewalk—Ice and Snow—Negligence—Evidence—Privileged Communications—Instructions.*

1. A statement made by a witness to an attorney, no relation of attorney and client existing between them, is not a privileged communication.

2. Evidence as to the extent of a city's streets, is not admissible in an action brought to recover for injuries suffered because of an alleged failure to remove snow and ice from a sidewalk.

3. The appellant can not complain of an instruction given at the request of the appellee, which is substantially like one given upon his own request.

[Opinion filed May 28, 1888.]

APPEAL from the Circuit Court of Winnebago County; the Hon. WILLIAM BROWN, Judge, presiding.

Messrs. A. E. HOLT and MARSHALL & TAGGART, for appellant.

The instructions ignore the doctrine of the law, that the snow and ice, under the circumstances of this case, must con-

stitute an obstruction, or defendant can not be held liable. The case of City of Aurora v. Parks was reversed for error in giving instructions as to the duty of the city in regard to accumulations of snow and ice, similar to the instructions in this case. The court says: " They (the instructions) authorize the jury to find for appellee, if the sidewalk was unsafe and dangerous from ice and snow accumulating thereon, even though it had not accumulated to the extent to cause an obstruction. There may have been sufficient ice and snow on the walk to make it slippery, rough, uneven, dangerous and unsafe, and yet the appellant not be liable. To render the appellant liable, the ice and snow must have accumulated to such an extent as to cause an obstruction. Mere slipperiness and unevenness caused by the tramping, thawing and freezing, where the ice and snow has not accumulated to such an extent as to make it an obstruction, does not create a liability. These instructions are in conflict with the rule announced by the Appellate and Supreme Courts of this State. The Village of Gibson v. Johnson, 4 Ill. App. 288; City of Macon v. Smithers, 6 Ill. App. 47; City of Chicago v. McGiven, 78 Ill. 347; City of Quincy v. Barker, 81 Ill. 300; City of Chicago v. Bixby, 84 Ill. 82. They should not have been given." City of Aurora v. Parks, 21 Ill. App. 459.

Messrs. N. C. WARNER and HARRY B. ANDREWS, for appellee.

In New York, Massachusetts, Maine, Connecticut, Pennsylvania, Wisconsin and Iowa the courts of last resort have repeatedly sustained verdicts for personal injuries resulting from falls upon sidewalks which have been suffered and permitted to remain burdened with " large and unusual accumulations of snow and ice." Evans v. City of Utica, 69 N. Y. 166, 171; Todd, Adm'r, v. City of Troy, 61 N. Y. 506, 511; Pomfrey v. Village of Saratoga Springs, 104 N. Y. 459, 471; Luther v. Worcester, 97 Mass. 268, 271; Morse v. Boston, 109 Mass. 446; McAuley v. Boston, 113 Mass. 503; Gerald v. Boston, 108 Mass. 580; Collins v. Council Bluffs, 32 Iowa, 324; Dooly v. Meriden, 44 Conn. 117; Cloughessey v. Water-

bury, 51 Conn. 405, 420 ; Cromarty v. Boston, 127 Mass. 329 ; Darling v. Westmoreland, 52 N. H. 413 ; Baltimore v. Marriott, 9 Md. 160, 178 ; Flynn v. Baltimore, 40 Md. 324.

Whether a snow hummock is a defect is a question for the jury. Gerald v. Boston, 108 Mass. 580. Whether a walk is obstructed so as to be perilous to footmen is for the jury, subject only to the general qualification that all verdicts must rest on some evidence. Nebraska City v. Rathbone, 29 N. W. Rep. 923. Whether a sidewalk is reasonably safe or dangerous is a question for the jury. Whitney v. Milwaukee, 57 Wis. 639. It was for the jury to draw the inference and form the opinion whether walking in consequence of ice was more difficult than usual. City of Rockford v. Hildebrand, 61 Ill. 159. The degree of care required of the plaintiff is a question for the jury. Palmer v. Dearing, 93 N. Y. 10. . Whether sufficient time had elapsed to charge the city with constructive notice is a question of fact for the jury. Rehberg v. Mayor, etc., 91 N. Y. 144.

Questions of negligence and of contributory negligence are ordinarily for the jury, and should not be withdrawn from their consideration unless the facts clearly warrant it. Born v. Plank Road Co., 101 Pa. St. 334. It is for the jury to decide whether the corporation has used ordinary care and whether the sidewalk was reasonably safe. Hall v. Lovell, 10 Cush. 260.

Whether it was consistent with due care for appellee to proceed to cross the walk, was a question for the jury. South Bend v. Hardy, 98 Ind. 586 ; Pomfrey v. Village, etc., 104 N. Y. 469.

All the law required appellee to do was to pass over in a careful and guarded manner. Owen v. Chicago, 10 Ill. App. 472 ; Lovenguth v. Bloomington, 71 Ill. 238 ; City of Rockford v. Hildebrand, 61 Ill. 158.

· LACEY, J. This was an action on the case brought by the appellee to recover damages from the appellant for negligence on its part in neglecting to keep one of the sidewalks of the city free from an unreasonable and dangerous accumulation of ice and snow by means of which, while in the exercise of ordinary care, she slipped and fell, breaking her leg in the fall.

The cause was tried by a jury which found appellant guilty and assessed appellee's damages at $800, upon which verdict judgment was rendered.

The main cause urged by the appellant for reversal is that the appellee's instructions were erroneous in that they did not conform to the rule of law as laid down by this court in the City of Aurora v. Parks, 21 Ill. App. 462, in which case it was held that before a city can be made liable for damages occasioned by persons falling on the sidewalk by reason of the accumulation of ice and snow such accumulation must amount to an *obstruction.* In that opinion this court followed various decisions of the courts of last resort of other States, as well as the Supreme Court of this State, cited in that opinion.

We are of the opinion that the appellant is not in a position to take advantage of any failure in the instructions in question to conform to the rule announced in the Parks case, if they do fail, for various reasons. First, the evidence very clearly shows that there was a very serious obstruction on the sidewalk in question which was one of the most frequented streets in the city, caused by the accumulation of snow and ice in ridges in the center of a narrow sidewalk from eight to eighteen inches in height, there being very little reliable testimony to the contrary. The jury, as we think, could not have reasonably found otherwise.

Secondly, the instructions given at the instance of the appellant as well as for appellee agree; and by them the jury were plainly told that if the sidewalk was *rendered unreasonably unsafe* by such accumulation of ice and snow, and the city had notice, then, if the accident was occasioned thereby, that would be sufficient to render the city liable, if the appellee was in the exercise of reasonable care for her own safety. The point now made as to the law seems to be an afterthought. The appellant can not be allowed to ask the court on the trial to instruct upon one theory of the law and, when it fails on the trial, appeal to this court and assign for error the giving of similar instructions on the part of appellee.

That would be to trifle with justice. The question in issue being the dangerous condition of the sidewalk occasioned by

the accumulation of ice and snow, the appellant by its second instruction procured the law to be laid down by the court to the jury as follows: " Its (the city's) duty is only to use reasonable care to see that its sidewalks are reasonably safe for persons exercising proper care and caution in using them.".

By the third of appellant's instructions the jury were told that "obstructions or defects in the sidewalk of a city to make the corporations liable for an injury occasioned thereby must be of such a nature that they are in themselves dangerous, or such that a person exercising proper care and prudence can not avoid danger or injury in passing them."

The fourth of appellant's instructions recognizes the same rule by implication. The instructions given for appellee only laid down the same rule in substance although it may be more clearly and in different words.

Next we come to the question of the ruling of the court on admission and exclusion of evidence. While the admission of evidence that the sidewalk where the accident happened was cleared off after the accident, might have been improper and incompetent to show that the city recognized its dangerous condition, if such was its purpose, we do not consider it, even if error, to be of sufficient gravity to cause reversal. Nor was it error to refuse to allow the appellant to show the extent of its sidewalks.

If the city was large and had a great extent of sidewalks it should be reasonably supplied with appliances commensurate with the work to be done in clearing them of snow. It would appear also that the time during which the sidewalk was obstructed with ice and snow was ample for the city to have cleaned it off.

The evidence allowed by the court in behalf of the appellee that the city was provided with appliances to remove snow speedily was in excess of what was necessary under the circumstances and could do no harm. If the obstructions were dangerous, then we think it clearly appeared that the city had ample time to remove them and the jury was justified in so finding.

We do not think it was error to admit the evidence of

George M. Blake, who had been the attorney of appellant on the trial of this cause at a former term of court. Hart, the street commissioner, had been called as a witness by appellant, and testified that he had caused the sidewalk in question to be cleared of ice and snow January 24, 1886. Blake was called to show that Hart, at the former trial, had been consulted by him in reference to the clearing the sidewalk and that when questioned he failed to state to Blake that the sidewalk had been cleared. That Hart appeared to know nothing about when the sidewalk had been cleared. That he did not know whether the sidewalk had been cleared or not. That he, Hart, then examined his time book and reported to Blake that the time book showed that the men had worked, but where they had worked or what they did the book did not show.

This evidence was given in for the purpose of impeaching the witness Hart and we can not regard this knowledge obtained by Blake from Hart as privileged. The evidence was of a negative character and personal to Hart and only bore on his veracity. It was not evidence tending to show by any knowledge obtained by Blake that the city did not clear the sidewalk. In Granger v. Warrington, 3 Gilm. 299, it was decided that communications made by a party to a State's Attorney in reference to a proposed criminal prosecution were not privileged, but might be given in evidence by such State's Attorney against such party in a civil action in which he was a party. In that case the following citation was quoted with approval: "But the privilege of exemption from testifying to facts actually known to the witness is in contravention to the general rule of law. It is therefore to be watched with some strictness and is not to be extended beyond the limits of the principle of policy upon which it is based. It is extended to no other person than an advocate or legal adviser, and those persons whose intervention is strictly necessary to enable the client and attorney to communicate with each other as an interpreter, agent, or attorney's clerk. And this principle is confined to counsel and attorneys when applied to as such and when acting in that capacity." Wilson v. Russell, 4 T. R. 753. Under this rule we think that communications made by

a street commissioner to an attorney for a municipal corporation on matters of this kind should not be regarded as communications made by the city to its attorney in confidence.

It is true, Blake learned these facts when he was acting as corporation counsel, yet they were not communications made by the city to its attorney by virtue of the relationship of client and attorney. Hart was only a witness and made the statement as a witness and not as agent of the city. We are of the opinion it would clearly be without the reason of the rule to regard these as privileged communications. Blake is only called on to state what he has learned or failed to learn from Hart, a witness, which tends to contradict and impeach him upon his being offered as a witness by the city and swearing to a different state of facts.

Blake was not the attorney of Hart, nor was Hart the agent of the city to make the communications. Seeing no error in the record of sufficient importance to reverse the judgment it is therefore affirmed.

*Judgment affirmed.*